**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:

| | | |
|---|---|---|
| **JEAN SCHIAROLI** | **:** | **CIVIL ACTION NO. 3:26-CV-00827** |
| | **:** | |
| **V.** | **:** | |
| | **:** | |
| **WALMART INC. AND** | **:** | |
| **WAL-MART STORES EAST,** | **:** | |
| **LIMITED PARTNERSHIP** | **:** | **MAY 28, 2026** |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The named defendants, Walmart Inc. and Wal-Mart Stores East, Limited Partnership ("Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, remove this action from the Superior Court, Judicial District of Bridgeport, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which state as follows:

1.      The plaintiff, Jean Schiaroli ("Plaintiff"), commenced an action by service of process against the Defendants in state court entitled, *Jean Schiaroli v. Walmart Inc., et al*, Docket No. FBT-CV26-6160010-S and returnable to the Superior Court, Judicial District of Bridgeport.  A copy of the referenced Summons and Complaint are attached hereto as **Exhibit A.**

2.      This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by the Defendant of the initial pleadings setting forth the claims for relief upon which this action is based. Defendant was served on or about April 28, 2026.

3.      The Complaint alleges negligence against the Defendant and seeks damages. Specifically, the Plaintiff alleges that she sustained "serious and painful personal injuries, some or

**ROGIN NASSAU**• ATTORNEYS AT LAW

CITYPLACE  I  • HARTFORD, CT 06103-3460  •  (860) 256-6300  •  JURIS NO. 050793

all of which may be permanent in nature, to her right lower extremity, pain and suffering, both physical and mental." See Exhibit A, at ¶ 5.  The Plaintiff also alleges that she "has incurred and will continue to incur expenses for hospital, medical, surgical, convalescent care and treatment, x-rays and other diagnostic imaging procedures, physical therapy and prescription drugs, all to her financial loss." Id. at ¶ 6. The Plaintiff further alleges that "she was unable to undertake and participate in her usual activities and responsibilities, all to her great detriment." Id. at ¶ 7. The medical treatment and billing records produced to date in the amount of $20,960.47 are for treatment of right ankle injury, including a "nonhealing wound," resulting in emergency medical treatment and diagnostic testing, and invasive medical intervention. Plaintiff is still treating for her alleged injuries. Plaintiff also demanded $100,000. Based on the foregoing, the damages claimed in this case exceed $75,000.

4.    According to the Complaint, the Plaintiff, resides in Norwalk, Connecticut and, accordingly, is a citizen of the State of Connecticut. See Exhibit A at ¶ 2.

5.    Defendant Walmart Inc. is a Delaware corporation with a principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, Limited Partnership is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, which is composed of two partners, WSE Management, LLC (general partner) and WSE Investment, LLC (limited partner), both of which are Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose sole member is Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LP is

therefore a citizen of Delaware and Arkansas. Thus, no defendant is a citizen of Connecticut.

Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendants

6.      The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441.

7.      This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.

Dated this 28th day May, 2026

THE DEFENDANTS,

By /s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]
Austin K. Moran [ct31252]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
T: (860) 256-6300
F: (860) 278-2179
amoran@roginlaw.com
gspringer@roginlaw.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was served electronically this 28th day of May, 2026 and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

James R. Miron, Esq.
The Maddox Law Firm, Inc.
501 Merritt 7, 6th Floor
Norwalk, CT 06851
maddoxteam@themaddoxlawfirm.com

/s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]

-4-
**ROGIN NASSAU**• ATTORNEYS AT LAW

CITYPLACE  I  • HARTFORD, CT 06103-3460  •  (860) 256-6300  •  JURIS NO. 050793

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
| --- |

STATE OF CONNECTICUT
JUDICIAL BRANCH
SUPERIOR COURT
www.jud.ct.gov

[ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

[X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

[ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
| --- | --- | --- |
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 ) 579 – 6527 | 05.26.2026 |

| [X] Judicial District    G.A. | At (City/Town) | Case type code (See list on page 2) |
| --- | --- | --- |
| [ ] Housing Session  [ ] Number: ___ | Bridgeport | Major: T        Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
| --- | --- |
| The Maddox Law Firm, Inc., 501 Merritt 7, 6th Floor, Norwalk, CT 06851 | 420516 |

| Telephone number | Signature of plaintiff (if self-represented) |
| --- | --- |
| ( 203 ) 822 – 6610 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)    [X] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book
maddoxteam@themaddoxlawfirm.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
| --- | --- | --- |
| First plaintiff | Name: Schiaroli, Jean<br>Address: 402 Foxboro Drive, Norwalk, CT 06851 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Walmart, Inc.<br>Address: AFS: C T Corporation System, 357 East Center Street, Ste. 2 J, Manchester, CT, 06040-4471 | D-01 |
| Additional defendant | Name: Wal-Mart Stores East, Limited Partnership<br>Address: AFS: C T Corporation System, 357 East Center Street, Ste. 2 J, Manchester, CT, 06040-4471 | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [X] Commissioner of Superior Court | Name of person signing |
| --- | --- | --- | --- |
| 04.22.2026 | | [ ] Clerk | James R. Miron |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
| --- |
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
| --- | --- | --- | --- |

Print Form                    Page 1 of 2                    Reset Form

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)

   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

   (c) Applications for change of name

   (d) Probate appeals

   (e) Administrative appeals

   (f) Proceedings pertaining to arbitration

   (g) Summary Process (Eviction) actions

   (h) Entry and Detainer proceedings

   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|
| **Contracts** | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 |
| | C 90 | All other |
| **Eminent Domain** | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| **Housing** | H 00 | Housing - Summary Process |
| | H 03 | Housing - Deceased Tenants - Summary Process |
| | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 20 | Housing - Housing Code Enforcement |
| | H 30 | Housing - Entry and Detainer |
| | H 40 | Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 70 | Housing - Bed Bug Infestation |
| | H 87 | Housing - Denied Fee Waiver Appeal |
| | H 90 | Housing - All Other |
| **Miscellaneous** | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 85 | Civil Protection Order |
| | M 87 | Denied Fee Waiver Appeal |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|
| **Property** | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | P 90 | All other |
| **Torts** (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| **Vehicular Torts** | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other  *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| **Wills, Estates and Trusts** | W 00 | Probate Appeals |
| | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

Print Form          Page 2 of 2          Reset Form

| | | |
|---|---|---|
| **RETURN DATE: MAY 26, 2026** | : | **SUPERIOR COURT** |
| **JEAN SCHIAROLI** | : | **J.D. OF BRIDGEPORT** |
| **V.** | : | **AT BRIDGEPORT** |
| **WALMART, INC.** | : | |
| **WAL-MART STORES EAST, LIMITED** | : | **APRIL 22, 2026** |

## COMPLAINT

### COUNT ONE: (JEAN SCHIAROLI V. WALMART, INC.)

1.     At all times mentioned herein, the defendant, Walmart, Inc., was and is a foreign corporation authorized to do business in Connecticut with a principal place of business located at 1 Customer Dr., Bentonville, Arkansas.

2.     At all times mentioned herein, the defendant, Walmart, Inc., its agents, servants, and/or employees owned, operated, possessed, managed, maintained, and/or controlled the premises located at 650 Main Avenue in Norwalk, Connecticut (hereinafter referred to as the "Premises").

3.     On August 10, 2025, at or around 10:00 a.m., the plaintiff, Jean Schiaroli, was lawfully on the Premises and in the process of walking in the sewing aisle when suddenly, and without warning, she was struck from behind by a cart loaded with boxes that was being pushed by a Walmart agent, servant, and/or employee, which caused the Plaintiff to suffer the injuries and losses more fully set forth below.

4.     The Plaintiff injuries were caused by the carelessness and negligence of Walmart, Inc., its agents, servants and/or employees in one or more of the following ways:

      a.     It hired agents, servants and/or employees with inadequate experience and training in operating equipment and moving boxes on the Premises;

b.  It failed to properly train its agents, servants and/or employees responsible for operating equipment and moving boxes on the Premises to ensure the safety of customers lawfully on the Premises;

c.  It failed to properly supervise their agents, servants, and/or employees responsible for operating equipment and moving boxes on the Premises to ensure the safety of customers lawfully on the Premises;

d.  It failed to provide sufficient or any policies to agents, servants, and/or employees responsible for operating equipment and moving boxes on the Premises to ensure the safety of customers lawfully on the Premises;

e.  It failed to warn the Plaintiff of the danger the cart loaded with boxes presented which it knew, or, in the exercise of reasonable care, should have known existed;

f.  It failed to erect barriers for those lawfully on the premises not to use the areas where the boxes were being moved;

g.  It failed to close the aisle when operating equipment that was dangerous to customers on the Premises;

h.  It failed to have another agents, servants and/or employee guide the operator of the cart loaded with boxes;

i.  It failed to adhere to its duty of reasonable care to ensure the safety of patrons and business invitees of the Premises, including persons such as the Plaintiff, by failing to keep the Premises, specifically the sewing aisle, in a reasonably safe condition.

2

5.    As a result of being struck by the cart loaded with boxes that were caused by the defendant, Walmart, Inc., its agents, servants, and/or employees' negligence the Plaintiff has been caused to suffer serious and painful personal injuries, some or all which may be permanent in nature, to her right lower extremity, pain and suffering, both physical and mental.

6.    As a result of sustaining the above-described injuries the Plaintiff has incurred and will continue to incur expenses for hospital, medical, surgical, convalescent care and treatment, x-rays and other diagnostic imaging procedures, physical therapy and prescription drugs, all to her financial loss.

7.    As an additional result of said negligence and carelessness of the defendant, Walmart Inc., its agents, servants, and/or employees the Plaintiff was unable to undertake and participate in her usual activities and responsibilities, all to her great detriment.

**COUNT TWO: (JEAN SCHIAROLI V. WAL-MART STORES EAST, LIMITED)**

1.    At all times mentioned herein, the defendant, Wal-Mart Stores East, Limited, was and is a foreign corporation authorized to do business in Connecticut with a principal place of business located at 1 Customer Dr., Bentonville, Arkansas.

2.    At all times mentioned herein, the defendant, Wal-Mart Stores East, Limited, its agents, servants, and/or employees owned, operated, possessed, managed, maintained, and/or controlled the premises located at 650 Main Avenue in Norwalk, Connecticut (hereinafter referred to as the "Premises").

3.    On August 10, 2025, at or around 10:00 a.m., the plaintiff, Jean Schiaroli, was lawfully on the Premises and in the process of walking in the sewing aisle when suddenly,

3

and without warning, she was struck from behind by a cart loaded with boxes that was being pushed by a Walmart agent, servant, and/or employee, which caused the Plaintiff to suffer the injuries and losses more fully set forth below.

4.      The Plaintiff injuries were caused by the carelessness and negligence of Wal-Mart Stores East, Limited, its agents, servants and/or employees in one or more of the following ways:

a.      It hired agents, servants and/or employees with inadequate experience and training in operating equipment and moving boxes on the Premises;

b.      It failed to properly train its agents, servants and/or employees responsible for operating equipment and moving boxes on the Premises to ensure the safety of customers lawfully on the Premises;

c.      It failed to properly supervise their agents, servants, and/or employees responsible for operating equipment and moving boxes on the Premises to ensure the safety of customers lawfully on the Premises;

d.      It failed to provide sufficient or any policies to agents, servants, and/or employees responsible for operating equipment and moving boxes on the Premises to ensure the safety of customers lawfully on the Premises;

e.      It failed to warn the Plaintiff of the danger the cart loaded with boxes presented which it knew, or, in the exercise of reasonable care, should have known existed;

f.      It failed to erect barriers for those lawfully on the premises not to use the areas where the boxes were being moved;

4

g.   It failed to close the aisle when operating equipment that was dangerous to customers on the Premises;

h.   It failed to have another agents, servants and/or employee guide the operator of the cart loaded with boxes;

i.   It failed to adhere to its duty of reasonable care to ensure the safety of patrons and business invitees of the Premises, including persons such as the Plaintiff, by failing to keep the Premises, specifically the sewing aisle, in a reasonably safe condition.

5.   As a result of being struck by the cart loaded with boxes that were caused by the defendant, Wal-Mart Stores East, Limited, its agents, servants, and/or employees' negligence the Plaintiff has been caused to suffer serious and painful personal injuries, some or all which may be permanent in nature, to her right lower extremity, pain and suffering, both physical and mental.

6.   As a result of sustaining the above-described injuries the Plaintiff has incurred and will continue to incur expenses for hospital, medical, surgical, convalescent care and treatment, x-rays and other diagnostic imaging procedures, physical therapy and prescription drugs, all to her financial loss.

7.   As an additional result of said negligence and carelessness of the defendant, Wal-Mart Stores East, Limited, its agents, servants, and/or employees the Plaintiff was unable to undertake and participate in her usual activities and responsibilities, all to her great detriment.

5

**WHEREFORE**, the Plaintiff prays for the following relief:

        A.  Monetary damages;

        B.  Costs;

        C.  Such further relief as the court may deem just and reasonable.

Dated at Norwalk, Connecticut this 22nd day of April 2026.

THE PLAINTIFF,
JEAN SCHIAROLI

James R. Miron
The Maddox Law Firm, Inc.
501 Merritt 7, 6th Floor
Norwalk, CT 06851
203.822.6610
maddoxteam@themaddoxlawfirm.com
Juris No. 420516

6

RETURN DATE: MAY 26, 2026         :         **SUPERIOR COURT**

**JEAN SCHIAROLI**         :         **J.D. OF BRIDGEPORT**

**V.**         :         **AT BRIDGEPORT**

**WALMART, INC.**         :
**WAL-MART STORES EAST, LIMITED**         :         **APRIL 22, 2026**

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000, exclusive of interest and costs.

THE PLAINTIFF,
JEAN SCHIAROLI

James R. Miron
The Maddox Law Firm, Inc.
501 Merritt 7, 6th Floor
Norwalk, CT 06851
203.822.6610
maddoxteam@themaddoxlawfirm.com
Juris No. 420516

7